UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. TOKARSKI,

    Petitioner,

 v.                Case No. 09-C-346

JODINE DEPPISCH,

    Respondent.

**ORDER**

On April 1, 2009, Michael J. Tokarski filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Portage County Circuit Court of endangering safety by use of a dangerous weapon and of being a felon in possession of a firearm. Petitioner was sentenced to seven years imprisonment with five years of probation to run consecutive to the imprisonment. He is currently incarcerated at Fox Lake Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Tokarski presents a single challenge to his conviction, as he claims that the trial court erred when it denied the jury's request to examine the written statement he made to law enforcement. During closing argument, Tokarski's counsel asked the jury to closely examine two pages of the statement. After it began deliberating, the jury requested to review the written statement. Though Tokarski's counsel argued that the jury should be permitted access to the statement, the trial court denied the jury's request, because sending it back would put "extra emphasis" on the statement. (Pet. Pt. IV.) Tokarski contends that he suffered prejudice when the jury was not allowed to scrutinize his statement after it requested it, as the jury could have found the statement would enhance his credibility and impeach the testimony of the witnesses against him.

Habeas relief is available where errors in a state trial court proceeding "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 642 (1974). Though "[t]he decision to deliver exhibits and information to the jury room is within the sound discretion of the court," *United States v. McClellan*, 165 F.3d 535, 550 (7th Cir. 1999), such a decision may be disrupted by reviewing courts when it clearly prejudiced the defendant. *United States v. De Hernandez*, 745 F.2d 1305, 1308 (10th Cir. 1984); *United States v. Scott*, 139 F.3d 902, * 6 (7th Cir. 1998) (unpublished table decision) (citing *De Hernandez*, 745 F.2d at 1308); *see also United States v. Arroyo*, 406 F.3d 881, 886 (7th Cir. 2005) (trial courts are afforded "considerable discretion in the handling of exhibits during the course of a trial as well as during jury deliberations" and such handling is reviewed under a "clear abuse of discretion" standard); *United States v. Samples*, 713 F.2d 298, 303 (7th Cir. 1983) (noting that the "district court is vested with the discretion to decide whether to send exhibits to the jury room"). Petitioner presents at least a colorable constitutional issue in his claim that he was

2

unfairly prejudiced by the trial court's denial of the jury's request to examine a copy of his written statement, though closer examination later in these proceedings could show that if there was an error, it was harmless.

Regarding exhaustion, an application for writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the applicant has exhausted state remedies, or (b) there is no available state corrective process or circumstances exist that render such process ineffective to protect the applicant's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan*, 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). A petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Correctional Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). But if dismissal would essentially bar a future habeas case because of the statute of limitations, the case may be stayed to provide the petitioner the opportunity to exhaust the remaining claim, notwithstanding *Rose*. *Freeman v. Page*, 208 F.3d 572, 577 (7th Cir. 2000), *overruled on other grounds*, *Artuz v. Bennett*, 531 U.S. 4 (2000).

Here, the petition indicates that Tokarski made a direct appeal of his judgment of conviction to the Wisconsin Court of Appeals, which affirmed the conviction. Tokarski's petition for review

3

was then summarily denied by the Wisconsin Supreme Court on May 13, 2008. *State v. Tokarski*, 2008 WI 115, 310 Wis. 2d 706, 754 N.W. 2d 850 (unpublished table decision). Thus, it appears that petitioner has satisfied the exhaustion requirement.

Petitioner has also filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." See 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court. The one exception may be where the petitioner is claiming that the attorney or attorneys who represented him in the state court proceedings provided ineffective assistance of counsel, though here the petitioner does not make a claim of ineffective assistance of counsel.

4

Nevertheless, I am not convinced that appointment of counsel would serve the interests of justice in this case. Petitioner appears from his filings to date to have greater than average ability to communicate in writing. In addition, I note that review in a habeas case is of the record that already exists. Thus, there is no need for outside investigation of facts and gathering new evidence. Finally, the issue petitioner has raised in his petition, the issue of whether the trial court erred by failing to provide the jury a copy of petitioner's statement, is not so complex that denying his request would result in a miscarriage of justice. While my appraisal of the complexity of the case and Petitioner's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. Accordingly, petitioner's motion will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider petitioner's request.

**THEREFORE, IT IS ORDERED** that within 30 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

5

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

**FURTHER, IT IS ORDERED** that petitioner's motion for appointment of counsel is denied without prejudice**.**

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent and to the Attorney General for the State of Wisconsin, c/o Gregory M. Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

This district's form regarding magistrate judge jurisdiction should be included with copies of this order and returned by the parties as directed on that form.

Dated this ___6th___ day of April, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge

6

Case 1:09-cv-00346-WCG   Filed 04/06/09   Page 6 of 6   Document 2