UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. TOKARSKI,

       Petitioner,

    v.                                           Case No. 09-C-346

JODINE DEPPISCH,

       Respondent.

## ORDER DENYING RESPONDENT'S MOTION TO DISMISS

Petitioner Michael J. Tokarski was found guilty in state court of endangering safety by use of a dangerous weapon and is currently serving his sentence in at Fox Lake Correctional Institution. On April 1, 2009, Tokarski filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Tokarski claims that the trial court erred when it denied the jury's request to examine the written statement he made to law enforcement. The respondent has moved to dismiss on the ground that the petition fails to present a federal or constitutional claim. Alternatively, respondent argues that Tokarski procedurally defaulted on his claim. For the reasons stated below, the motion will be denied.

### BACKGROUND

Tokarski was charged in Portage County with substantial battery, first degree recklessly endangering safety, endangering safety by use of a dangerous weapon, and felon in possession of

a firearm. The charges were based on allegations that Tokarski had fired a rifle into his trailer which was occupied at the time by the woman with whom he was then living.

At trial, Tokarski testified in his defense and apparently denied that he had shot into the trailer. In an effort to impeach Tokarski on cross-examination, the state introduced a statement Tokarski had given to the police. In closing argument, Tokarski's counsel asked the jury to carefully read two pages of the statement as they deliberated. The statement was not initially provided to the jury, but during its deliberation the jury foreperson requested various exhibits, including Tokarski's statement. The trial judge denied the request because he feared the jurors would place "extra emphasis" on the statement. The trial judge further stated that his understanding of the law was that he could not let the statement go to the jury because of that danger. Instead, the court instructed the jury to rely on their collective recollection of what happened in court. (Dkt. # 7-2, at 18.) The jury ultimately found Tokarski guilty of endangering safety by use of a dangerous weapon and possession of a firearm by a felon, but acquitted him of substantial battery and first degree recklessly endangering safety. Tokarski was sentenced on August 3, 2005 to three years confinement followed by four years of extended supervision for the endangering safety count and five years of probation to run consecutively for the weapons possession charge.

Tokarski appealed his conviction to the Wisconsin Court of Appeals, claiming that the trial court had erroneously exercised its discretion in denying the jury's request to see his statement. The Court of Appeals agreed that the trial court had misused its discretion in refusing to allow the statement to go to the jury. It found that the trial court had relied on a rule that witness statements were generally not sent to the jury so as to avoid over-emphasizing the written statement in comparison to the oral testimony presented in the courtroom. That rule had been abrogated by the

Wisconsin Supreme Court thirty years ago. *See State v. Jensen*, 147 Wis. 2d 240, 259, 432 N.W.2d 913 (1988). The Court of Appeals thus concluded that the trial court had misused its discretion because its decision was based on an error of law. Despite its conclusion that the trial court had misused its discretion in refusing to allow the jury to see Tokarski's statement, however, a majority of the Court concluded that the error was harmless and affirmed his conviction. Upon its review of the statement, the Court concluded that as used during the trial the statement "had little to do with [Tokarski's] central assertion that he did not have or see a gun . . . ." (Dkt. 7-4, at 13.) It therefore concluded that the trial court's decision not to send the statement to the jury did not affect the jury's decision beyond a reasonable doubt. Tokarski's petition for review was then summarily denied by the Wisconsin Supreme Court on May 13, 2008. *State v. Tokarski*, 2008 WI 115, 310 Wis. 2d 706, 754 N.W. 2d 850 (unpublished table decision). Tokarski has apparently never sought relief in the form of a motion under Wis. Stat. § 974.06.

## ANALYSIS

A person serving a sentence pursuant to a state conviction is entitled to federal habeas corpus relief only if he is in custody in violation of the Constitution or the laws or treaties of the United States. 28 U.S.C. § 2254(a). "On a petition for writ of habeas corpus, a federal court will not review evidentiary questions unless there is a resultant denial of fundamental fairness or the denial of a specific constitutional right." *Stomner v. Kolb*, 903 F.2d 1123, 1128 (7th Cir.1990). Respondent contends that Tokarski has failed to allege that his custody is in violation of federal law. Instead, he alleged in his petition that the sole issue for review is whether the Wisconsin Court of Appeals erred in its conclusion that the trial court's denial of the jury's request for his statement was harmless error. (Pet. at 6.) The underlying error was one of state law, Respondent contends, and

3

thus the question of whether the error was harmless is likewise a question of state law. Indeed, in

his petition for review to the Wisconsin Supreme Court, Tokarski expressly disclaimed that he was

raising a constitutional claim: "Although there is no constitutional issue here, the issue raised is one

of basic fairness since Mr. Tokarski's attorney asked the jury in closing argument to examine the

statement." (Dkt. # 7-4, at 4.) Because federal habeas relief does not extend to state law claims,

Respondent contends that Tokarski's petition should be summarily dismissed.

In response to Respondent's motion, Tokarski has tried to re-frame his claim as a denial of

Fourteenth Amendment right to due process of law. As I observed in my Order reviewing the

petition under Rule 4 of the Rules Governing § 2254 Cases, habeas relief is available for errors in

a state trial court proceeding that "so infected the trial with unfairness as to make the resulting

conviction a denial of due process." (Doc. # 2 at 2.) (quoting *Donnelly v. DeChristoforo*, 416 U.S.

637, 642 (1974)). *See also United States ex rel. Searcy v. Greer*, 768 F.2d 906, 910 (7th Cir. 1985)

("Violations of state evidentiary rules, therefore, "may not be questioned in federal habeas

proceedings unless they render the trial so fundamentally unfair as to constitute a denial of federal

constitutional rights."). The record before me on this motion to dismiss does not contain a copy of

the statement, so it is difficult to determine how a close reading of the document might make

Tokarski's testimony at trial any more or less credible. Though the document was introduced by

the prosecution to impeach Tokarski, it was Tokarski's counsel who argued that the jury should

carefully read two pages of the statement as they deliberated. The jury apparently thought review

of the document would aid in their deliberations, or at least wanted to assess counsel's argument

that it would, as they requested a copy of it. Without a more complete record I cannot foreclose the

4

possibility that Tokarski could demonstrate a denial of due process based upon the trial court's error. I therefore decline to dismiss this matter for failure to state a constitutional claim.

Respondent argues in the alternative that even if Tokarski' claim is construed as a due process claim, his petition should nevertheless be dismissed because he has procedurally defaulted on the claim by failing to raise it in state court. A federal court may not review a question of federal law decided by a state court "if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991). Procedural default generally constitutes an adequate and independent state law ground upon which to decide a case absent a showing of cause and prejudice for the default, or a showing that the failure to consider the claim would result in a fundamental miscarriage of justice. *Johnson v. Loftus*, 518 F.3d 453, 455-56 (7th Cir. 2008).

The difficulty with Respondent's alternative argument is that it is unclear whether Tokarski has in fact procedurally defaulted his due process claim under state law. Wisconsin law generally prohibits a defendant from raising claims that could have been raised either on direct appeal or in an earlier motion for post-conviction relief, absent sufficient reason. *State v. Escalona-Naranjo*, 185 Wis.2d 168, 517 N.W.2d 157 (1994); Wis. Stat. § 974.06(4). Tokarski claims that the failure to frame the issue before the state courts in terms of due process was due to the ineffective assistance of his appellate counsel. Is this a "sufficient reason" under Wisconsin law so that he could still seek review under § 974.06? Although the Wisconsin Supreme Court has not decided the issue, the Court of Appeals has held that an ineffective assistance claim is a sufficient reason for failing to assert a claim earlier. *See State v. Lo*, 2003 WI 107, ¶ 57, 264 Wis.2d 1, 665 N.W.2d 756; *State ex. rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W. 2d 136 (Wis. Ct. App.

5

1996) (per curiam) ("It may be in some circumstances that ineffective post-conviction counsel constitutes a sufficient reason as to why an issue which could have been raised on direct appeal was not."), *review denied*, 207 Wis. 2d 291 (1997); *State v. Miller*, No 03-0080, 2004 WL 2102082, *5 (Wis. App. Sept. 22, 2004) (unpublished). Thus, it would appear that Tokarski has not procedurally defaulted.

If Tokarski has not yet procedurally defaulted his due process claim, then it would appear that he has failed to exhaust his state court remedies as to that claim. Exhaustion of state court remedies is a prerequisite to obtaining federal relief under 28 U.S.C. § 2254. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(b)(1)(A). But failure to exhaust state court remedies is an affirmative defense that is normally asserted by the respondent. *See Granberry v. Greer*, 481 U.S. 129, 134 (1987) ("When the State answers a habeas corpus petition, it has a duty to advise the district court whether the prisoner has, in fact, exhausted all available state remedies."). On the other hand, there are cases in which the state elects not to raise the defense of exhaustion and the interests of comity and federalism, which the exhaustion requirement is intended to promote, are better served by addressing the merits forthwith than by requiring a series of additional state and district court proceedings before reviewing the merits of the petitioner's claim. *Id.*

This may be such a case. If the case is dismissed, or at least stayed, to allow Tokarski to exhaust his state court remedies, he will presumably return to state court with a § 974.06 motion framing his claim in due process terms. Having already rejected the claim on a state law analysis, it seems unlikely the result would be different this time around even if the state courts concluded the claim was not procedurally defaulted. After another round of briefing, perhaps an evidentiary

6

hearing, and of course the required appeal and petition for review, Tokarski would most likely be right back here seeking federal relief. Under these circumstances, Respondent may choose to proceed to the merits at this point and "cut to the chase." While waiving the exhaustion requirement can result in a less deferential standard of review, *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003), that seems unlikely here since the court of appeals' decision affirming his conviction was based on a harmless error analysis based on a standard that is less forgiving than the standard this Court would apply here. *Burr v. Pollard*, 546 F.3d 828, 831 (7th Cir. 2008). Of course, if the state courts conclude that Tokarski has procedurally defaulted the claim, this court would then be required to undertake the "cause and prejudice" or "manifest injustice" analysis to determine whether he was nevertheless entitled to federal review. *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). These are the kinds of complex threshold issues that surround collateral review of state court convictions by federal courts. The issues are hardly less complex at the state level. *See State v. Lo*, No. 01-0843, 2001 WL 1659271, unpublished slip op., ¶¶ 56-58 (Deininger, J., *concurring*). Of course, these are all matters for Respondent to consider in deciding whether to assert failure to exhaust as a defense. Respondent has not asserted that defense up to now, however, and given the unusual circumstances of the case, I decline to dismiss on that ground *sua sponte*.

In sum, for the reasons noted above, I conclude that Tokarski has asserted a federal claim on which it does not appear he has procedurally defaulted under Wisconsin law. Respondent's motion to dismiss is therefore denied. Within the next 30 days, Respondent is directed to either seek dismissal on exhaustion grounds or answer the petition in compliance with Rule 5 of the Rules Governing § 2254 Cases, showing cause, if any, why the writ should not issue. Tokarski's renewed motion for appointment of counsel is denied for the reasons previously set forth. I remain

unconvinced that the substantive merits of the petition are not so complex that counsel is needed at this stage.

      **SO ORDERED** this    1st    day of July, 2009.


                                    s/ William C. Griesbach
                                  William C. Griesbach
                                  United States District Judge