UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL J. TOKARSKI,

        Petitioner,

  v.                                                        Case No. 09-C-346

SUSAN ROSS,[1]

        Respondent.

## ORDER GRANTING RESPONDENT'S MOTION TO DISMISS

Petitioner Michael J. Tokarski was found guilty in state court of endangering safety by use of a dangerous weapon and is currently serving his sentence at Winnebago Correctional Center. On April 1, 2009, Tokarski filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Tokarski claims that the trial court erred when it denied the jury's request to examine a transcript of a statement he made to the police. The respondent initially moved to dismiss the petition on the basis that Tokarski failed to present a federal or constitutional claim, or alternatively, that he procedurally defaulted on his claim. (Doc. # 6.) The Court denied this first motion to dismiss, concluding that Tokarski presented a colorable due process claim and that Tokarski's assertion that his counsel was ineffective for not dressing his appeal in constitutional garb prevented a finding that Tokarski had procedurally defaulted on his claim. (Doc. # 13.) The Court reasoned that as it

---

[1]Tokarski initially brought this petition naming Jodine Deppisch, warden of Fox Lake Correctional Institution, his previous place of confinement. Tokarski has since been transferred to Winnebago Correctional Center, and as Susan Ross is the superintendent of that facility the Court has amended the caption to name her as the respondent.

appeared that he had not procedurally defaulted, Tokarski likely had failed to exhaust his state court remedies. The order invited the respondent to either answer the petition or move for dismissal on exhaustion grounds. On July 31, 2009, the respondent has elected to move for dismissal on the ground that Tokarski has failed to exhaust his available state court remedies. (Doc. # 14.) Tokarski has not responded to the motion. Because it appears that Tokarski's claim is unexhausted, the motion will be granted.

Tokarski's claim is that he was denied due process a result of the decision of the trial court not to allow the deliberating jury to view a transcript of his statement after the jury requested it. Although Tokarski challenged the trial court's decision on direct appeal, his appeal was framed in terms of the trial court's alleged misuse of discretion and not that his due process rights were violated. In his petition for review to the Wisconsin Supreme Court, Tokarski explicitly stated that he did not seek review of any constitutional issue.

Tokarski has not made a motion under Wis. Stat. § 974.06 to raise his due process claim regarding the trial court's denial of the jury's request to review the exhibit. Wisconsin law generally prohibits a defendant from raising claims that could have been raised either on direct appeal or in an earlier motion for post-conviction relief, absent sufficient reason. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994); Wis. Stat. § 974.06(4). Tokarski has asserted that his postconviction counsel was ineffective for failing to raise a due process argument on direct appeal. Because of this, respondent contends that Tokarski still has a viable means of raising his constitutional claim in the state courts, as Wisconsin case law suggests that ineffective assistance of counsel may constitute a sufficient reason as to why an issue which could have been raised on

2

Case 1:09-cv-00346-WCG    Filed 09/09/09    Page 2 of 3    Document 16

appeared that he had not procedurally defaulted, Tokarski likely had failed to exhaust his state court remedies. The order invited the respondent to either answer the petition or move for dismissal on exhaustion grounds. On July 31, 2009, the respondent has elected to move for dismissal on the ground that Tokarski has failed to exhaust his available state court remedies. (Doc. # 14.) Tokarski has not responded to the motion. Because it appears that Tokarski's claim is unexhausted, the motion will be granted.

Tokarski's claim is that he was denied due process a result of the decision of the trial court not to allow the deliberating jury to view a transcript of his statement after the jury requested it. Although Tokarski challenged the trial court's decision on direct appeal, his appeal was framed in terms of the trial court's alleged misuse of discretion and not that his due process rights were violated. In his petition for review to the Wisconsin Supreme Court, Tokarski explicitly stated that he did not seek review of any constitutional issue.

Tokarski has not made a motion under Wis. Stat. § 974.06 to raise his due process claim regarding the trial court's denial of the jury's request to review the exhibit. Wisconsin law generally prohibits a defendant from raising claims that could have been raised either on direct appeal or in an earlier motion for post-conviction relief, absent sufficient reason. *State v. Escalona-Naranjo*, 185 Wis. 2d 168, 517 N.W.2d 157 (1994); Wis. Stat. § 974.06(4). Tokarski has asserted that his postconviction counsel was ineffective for failing to raise a due process argument on direct appeal. Because of this, respondent contends that Tokarski still has a viable means of raising his constitutional claim in the state courts, as Wisconsin case law suggests that ineffective assistance of counsel may constitute a sufficient reason as to why an issue which could have been raised on

direct appeal was not.  *See, e.g., State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 682, 556 N.W.2d 136 (Wis. Ct. App. 1996).  I agree.

Exhaustion of state court remedies is a prerequisite to obtaining federal relief under 28 U.S.C. § 2254.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); 28 U.S.C. § 2254(b)(1)(A). Because Tokarski still has an avenue available to him in the state courts to seek relief for his due process claim, this petition is **DISMISSED** without prejudice.

**SO ORDERED** this    8th    day of September, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge